## D'IVERNOIS *a.* LEAVITT.

*Supreme Court, First District; General Term, November,* 1858.

### APPEAL.—IRREGULARITY.—JURISDICTION.

Upon the decision of a case tried by the court, an accounting was ordered; before the accounting was taken, the plaintiff appealed, and without any objection being taken to an appeal at that stage of the cause, the decision was reversed and a new trial ordered. On the new trial a decision was made, and an accounting ordered, and before that accounting was taken the defendant appealed. This appeal was dismissed on motion of the plaintiff, on the ground that the judgment at special term was not appealable until the accounting had been taken. The defendant thereupon moved, on the same ground, to vacate the

order of the general term by which the first decision was reversed and the new trial ordered.

*Held,* that although the appeal was irregular, the order made on it was not void.  1. It was competent for the parties to waive the objection that no ac counting had been taken, and to insist on a decision at that stage of the cause.

2. That the course of the defendant in proceeding to the new trial was a waiver of any objection.

3. The irregularity did not amount to any want of jurisdiction of the pro ceedings.

Of the distinction between irregularity and want of jurisdiction.

Motion at general term to vacate an order for a new trial.

By the Court.—Ingraham, J.—This case was tried before Mr. Justice Roosevelt, and decided by him, and he ordered an account to be taken. From this judgment an appeal was taken by the plaintiffs to the general term.

Upon the hearing at the general term, the same was argued without any objection being made as to the right of appeal in that stage of the cause, and the court held that the decision at special term was erroneous, ordering a new trial. Such new trial afterwards took place before Mr. Justice Clerke, and a new decision was made, varying in some respects from the first, and ordering an account to be taken.

The defendants appealed from that decision before the account was taken; and on that appeal being noticed for hearing at the general term, the plaintiffs moved to dismiss the appeal, upon the ground that the judgment at special term was not perfect until the account was taken, and no appeal would lie from that decision before the account was taken and judgment was entered.

The defendants now move to vacate the order of the general term, reversing the decision of Mr. Justice Roosevelt, and the subsequent proceedings for the same cause—viz., that an appeal from that decision could not be taken before the judgment was perfected.

It must be apparent that the decision of Mr. Justice Roosevelt cannot now be sustained by the general term of this court, under the practice which governs this court to adhere to the decisions of the general term, until reversed on appeal. Upon argument, the general term have decided that the decision then made was erroneous. If the court should feel bound to vacate

the order there made upon the ground that no appeal could lie to the general term, still, when the account has been taken, and a new appeal is brought, the general term will feel bound by the law as heretofore decided, and will, as a matter of course, reverse that decision. It would therefore be a useless ceremony to vacate the order heretofore made, and after the account is taken to make the same order.

It would be unwise and unnecessary to make such an order, unless the whole proceeding was void for want of jurisdiction.

It is said that the court participated in the mistake as to its powers, and therefore it should vacate the judgment. But there is no force in this argument. No objection was taken to the regularity of the appeal. Until such an objection was made, the attention of the court was not directed to that point.

The general term might have supposed both parties were consenting to that course to obtain an expression of opinion from the general term upon the question, before the parties proceeded to the accounting.

It does not involve that clear question of jurisdiction, which, if violated, would vitiate all the proceedings. If both parties had agreed in writing to suspend an accounting, and take the opinion of the general term upon the questions of law arising on the decision at special term, I think there could be no doubt of the right of the parties to insist upon a decision made under such a consent.

So also the course of the defendants in proceeding to the new trial before Mr. Justice Clerke, without an application to the general term to vacate the order for the reasons on which this motion is now made, must be considered as an assent to that decision, and as waiving any previous irregularity, if there was any in the proceedings which led to such new trial.

For these reasons we are of the opinion that there is no ground for this motion, and that the same ought not to be granted, unless there is such a total want of jurisdiction in the general term as to render the whole proceeding a nullity. If there is such a want of jurisdiction, then the motion should be granted.

This question is not to be decided upon the same principles as would govern, if the inquiry was whether the Supreme Court had any jurisdiction over this cause and the parties.

The action is properly before the court, and the parties and

subject-matter of the action are all within its jurisdiction. The court had full power and authority to decide all the questions which could arise in the action, in some of the branches of the court.

We are referred to the decision of the Court of Appeals in the case of Curtis and Others *a.* Leavitt. In that case the hearing was first at the general term, and it was held that the Code required a trial to be first had at a special term. I have not the opinion of the court in that case, and am therefore unable to say whether the court held the proceedings to be void for want of jurisdiction, or that the judgment should be set aside for want of compliance with the provisions of the Code.

It must be conceded that the whole proceeding was irregular on the appeal to the general term ; that point was so decided in the motion to strike this cause from the calendar at the last term : but I have not been able to adopt the conclusion that there was any such want of jurisdiction, as to render the whole proceeding before the general term *coram non judice.*

The word jurisdiction is often used to express the want of control over proceedings in a cause on account of irregularity, and some confusion has been occasioned by not keeping in view the distinction which should always be observed between matters giving jurisdiction, or only as necessary to the regularity of proceedings.

Where a cause is removed by appeal or otherwise from one court to another, and the proceedings have been conducted in violation of law, then the court gains no legal control of the action, and of course no jurisdiction over it.

But such a rule cannot, in my judgment, be applied to the proceedings in a cause in a court which has acquired full jurisdiction over the cause and the subject-matter, and the right to render judgment therein. In such a case any departure from the statutory provisions regulating its proceedings before judgment, are only irregularities which may be waived by the parties, and which do not affect the validity of the judgment, if such judgment should finally be rendered according to law. Or, in other words, a want of jurisdiction can never be alleged as to the interlocutory proceedings ·in an action where the court has obtained jurisdiction originally, and renders the proper judgment in the cause.

In such cases, departures from the provisions of the statute are irregularities, which the party may be relieved against by motion, if made at proper time; and in some cases on appeal, if the irregularities appear on the record.

The case of Brown *a.* Brown (2 *Seld.*, 106) was an appeal to the Court of Appeals in a case in which no appeal by law could be taken to that court. Of course there was no jurisdiction.

In The People *a.* Sturdevant (5 *Seld.*, 263), it is said jurisdiction is the power to hear and determine the subject-matter in controversy between the parties.

Where the court has jurisdiction, it has a right to decide every question which arises in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every court. But if it acts without authority, its judgments and orders are regarded as nullities.

In Smith *a.* Grant (15 *N. Y. R.*, 590), the Court of Appeals held that they could not review an order of the Supreme Court referring a case back, &c., and that decision is applicable to all interlocutory orders of a court not affecting the final decision of the case.

All the other cases referred to on this point by the defendant's counsel, relate to the jurisdiction of the court originally over the subject-matter of the action. No one case has been cited where it was held that the court had no jurisdiction over the interlocutory proceedings in a cause where it originally had jurisdiction, and rendered final judgment therein. Its proceedings may be irregular, but cannot be said to be void for want of jurisdiction.

We are of the opinion that the order of the general term, although irregular, was not void for want of jurisdiction; that as the defendants proceeded to the new trial as ordered, such irregularity was waived; and that there can be no use in vacating the order of the general term when, by the decision then made, the general term would on a new appeal make the same order.

The motion to vacate the order of general term is denied.

DAVIES, P. J., and CLERKE, J., concurred.