## PEOPLE v. McLAUGHLIN.

(Supreme Court, Appellate Division, First Department. March 13. 1896.)

CRIMINAL LAW—CHANGE OF VENUE—ADVANCING TIME OF HEARING.

Code Cr. Proc. § 346, provides that a motion to change place of trial of a criminal action must be made in the supreme court at a special term, on notice of at least 10 days to the district attorney of the county where the indictment is pending. Section 346 provides that, to enable defendant to make the motion, a justice of the supreme court may make an order staying the trial of the indictment till the hearing and decision of the motion. *Held*, that where, 3 days before the time set for trial of an indictment in the court of oyer and terminer, defendant prepared notice of motion for change of place of trial, fixing the seventeenth day thereafter as the date on which it should be heard, and on this obtained an order of a justice of the supreme court staying trial of the indictment till the time fixed in the motion for hearing, and served these papers on the district attorney, an order of the special term (made 3 days thereafter, on an order procured from a justice of the supreme court by the district attorney to show cause why defendant's motion should not proceed forthwith), requiring defendant to proceed forthwith with his motion, and, on his refusal so to do, denying the motion for change of place of trial, and vacating the stay, while not void for want of jurisdiction, was erroneous, in compelling defendant to proceed to a hearing of his motion at a date earlier than that fixed in his notice.

Appeal from special term, New York county.

William W. McLaughlin, indicted for extortion, gave notice of a motion to change place of trial of the indictment. From an order denying the motion, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Edward C. James, for appellant.
Daniel G. Rollins, for the People.

RUMSEY, J. The defendant was indicted for a felony, and his trial took place in the court of oyer and terminer, in the month of April, 1895. On the 11th day of May the trial was brought to an end by a disagreement of the jury. The judge presiding at the term at which the trial had just been had set down the case for another trial on the 20th day of May, nine days after the end of the first trial. The defendant at once took steps to make a motion to change the place of trial, upon the ground that an impartial trial could not be had in the county of New York. The papers upon that motion, which were very voluminous, were partially finished on the 17th day of May, and on that day a notice of motion was prepared, and upon that notice of motion and the affidavits an order was procured from a justice of this court staying the trial of the criminal action until the time fixed in the notice of motion for the hearing of the application to change the place of trial. These papers, which were regular in form, were served on the district attorney on the afternoon of Saturday, the 18th day of May. The trial of the action in oyer and terminer had been set down for 10 o'clock on the next Monday. The motion to change the place of trial was noticed to be heard at the special term to be held on the 3d day of June, which was 17 days after the date

of the notice and 14 days after the time when the case was set
down for trial in oyer and terminer. On the afternoon of the
day on which the motion papers were served, the district attorney,
upon an affidavit made by him, procured from a justice of this
court an order to show cause, returnable on Monday, May 20th, at
10:30 o'clock, why the argument of the motion which had been
noticed by the defendant to be heard on the 3d of June should not
then and there proceed forthwith before the special term. This
order to show cause was served about 7 o'clock in the morning
of Monday, May 20th, and at the time prescribed in it both parties
appeared before the special term,—the people to bring on the
motion mentioned in the order to show cause, and the defendant
simply for the purpose of objecting to the hearing of the motion,
upon the ground that the court had no jurisdiction to require the
defendant to make the motion at that time, and upon other grounds
which need not now be considered. The court overruled the ob-
jections taken by the defendant, and required him to proceed forth-
with with the motion to change the place of trial. This he de-
clined to do, and thereupon the court entered an order denying
the defendant's motion to change the place of trial, and vacat-
ing the stay of the trial. From that order this appeal is taken.

The first question presented is whether the court had jurisdic-
tion to make this order. For some years before the time when the
Code of Criminal Procedure took effect, the proper proceeding to
change the place of trial of an indictment for a felony was by a
motion in the oyer and terminer. Laws 1859, c. 462. That mo-
tion, being made in the court in which the indictment was pending,
was a proceeding in the case, and was subject entirely to the
control of the court in which the case was pending. This mo-
tion in the oyer and terminer could be made either by the people
or by the defendant. But, by the Code of Criminal Procedure,
which took effect in 1882, this manner of proceeding was entirely
changed. The criminal action, as the proceedings upon the in-
dictment are called by that Code, was pending in the court of
oyer and terminer. The Code provided that a motion to change
the place of trial of any criminal action must be made to the su-
preme court, at a special term in the district, upon notice of at
least 10 days to the district attorney of the county where the
indictment was pending, with a copy of the affidavits or other
papers upon which the application was founded. Cr. Code, § 346.
The Code further provided that, to enable the defendant to make
the application, a justice of the supreme court might, in his discre-
tion, for good cause, shown by affidavit, make an order staying
the trial of the indictment until the hearing and decision of the
motion. Id. § 347. It is apparent, from these and the subsequent
sections of the Code upon the subject, that, by this proceeding,
the criminal action was not removed from the court of oyer and
terminer, but still remained pending therein, and the court was
at liberty to proceed with the trial of the action in the ordinary
course, unless that trial was stayed as provided by the section
quoted above. The proceeding, therefore, to change the place of

trial was not a proceeding in the criminal action, but it was a matter outside of that action, brought to obtain relief which was no necessary part of the criminal action itself. It resembled more an application for a writ of prohibition or mandamus, directed to an inferior court, to direct the course of proceeding in that court in an action which was pending in it, but which did not draw to itself the particular action with regard to which the writ was asked. The proceeding was one in the supreme court. It was a proceeding for the enforcement of what was claimed to be a right, and it was not a civil action, because a civil action is an ordinary proceeding instituted by a summons. Belknap v. Waters, 11 N. Y. 477, 478. This one was, within the definition of the Code of Civil Procedure, a "special proceeding." Code Civ. Proc. §§ 3333, 3334. It could only be commenced by the service of the affidavits and notice of motion. When those papers were served upon the people, they were brought into court, and the proceeding had an inception, and from that time the supreme court had jurisdiction of the proceeding, because the service of the notice of motion lay at its foundation, and was the mode prescribed by the statute for bringing the people into court upon the application for the relief sought. In no other way could jurisdiction be acquired. There was no power in the court, at that time, to assume jurisdiction upon any shorter notice, any more than there would have been to take jurisdiction of a civil action upon summons returnable in less than 20 days. But in this proceeding, when the papers were served upon the people, they were brought into court, and the court gained jurisdiction, as it would have jurisdiction of the civil action upon the service of a summons. As it had jurisdiction, it had the power to hear and determine the subject-matter in controversy between the parties, and not only to decide the principal question, the determination of which was the immediate object of the proceeding, but every other incidental question which might arise in the course of the proceedings, and which could be brought before the court for solution. People v. Sturtevant, 9 N. Y. 263, 266.

When, therefore, this notice of motion and affidavit had been served, the court was in possession of the special proceeding. It is a court of general jurisdiction, and having, by the service of these papers, acquired jurisdiction to act in the matter, it had the power to decide every question which might be brought before it in the proper form; and, if it decided erroneously, its conclusion, while it might be reversed for error, was not void for want of jurisdiction. It is quite true that, before it could acquire jurisdiction to act in the matter, a notice of motion of at least 10 days must be served, because that is the preliminary step which the law requires should be taken to give the court the right to act. But the power to act in the matter came into existence upon the service of the papers. It was not necessary for the court, before any act could be done, to wait until the expiration of the time mentioned in the notice of motion for the hearing to take place, to enable it to take cognizance of the proceedings; but it

could, in a proper case, hear and decide other matters which might be presented to it before the return day of the order to show cause. For instance, it would undoubtedly be within the power of the court to postpone the hearing, although the application for that purpose might be made before the time fixed in the notice of motion for bringing on the matter. It might grant to the moving party the right to serve further papers. Any incidental relief, to which either party might be entitled, in the course of the proceedings, before the time for hearing thereof, might be granted by the court, by virtue of the general jurisdiction which it had, and which it acquired in this proceeding because of the fact that the defendant had brought the people into court in the way prescribed by law. Any act done in the proceeding by the court, after the service of the notice of motion, was done by virtue of its power as a court of general jurisdiction. By virtue of that power it could take cognizance of any motion made in the matter, for such motion might be made as well in a special proceeding as in an action. Code Civ. Proc. §§ 767, 768. Such a motion might be brought on either by an order to show cause or by a notice of motion, as in any other action or special proceeding. To be sure, the special proceeding itself could not be originated by an order to show cause, because the court could only get jurisdiction of it in the manner prescribed by the statute, and that was by the service of a notice of motion returnable in at least 10 days. But it must not be forgotten that, not only did this notice of motion lie at the foundation of the jurisdiction, but, when properly served, the jurisdiction attached, and it attached in a court of general jurisdiction, with regard to whose acts, from that time on, every presumption is that they were within its powers. After that jurisdiction had been acquired, the court had the power to entertain any motion which might be made in the special proceeding, and not only did it have the power, but it was its duty, to decide any question which might thus be presented to it. Its right to decide any such question did not depend upon the correctness of the decision, but, having the power to make the decision, its action was binding until the decision was reversed.

So, therefore, when there was presented to the special term, on the morning of the 20th of May, an order to show cause, in this matter, why the motion should not be heard at an earlier day than that for which it had been noticed, this condition of things existed. A special proceeding, properly commenced, in which all the parties were before the court, was pending, and the court had power, not only to grant or deny the relief ultimately sought, but had the power, besides, to act upon every other question that might be presented to it in the orderly course of practice, and anything which it did in that regard must be attributed to the exercise of the general jurisdiction which it had acquired. Having that general jurisdiction, and having possession of the cause under it, it was not divested of the jurisdiction by proceeding, in any incidental matter, in a way not prescribed by the statute. For instance, the statute prescribes that no judgment for default

shall be taken until 20 days after the service of summons, and undoubtedly the court should not enter judgment by default on. the nineteenth day after the summons was received. But the court acquires jurisdiction of the action by the fact of the summons, and if, by mistake or otherwise, it should direct a judgment to be entered on the nineteenth day, instead of the twenty-first, after the service, such a judgment would not be void, but would be simply erroneous, and would either be vacated or reversed in a proceeding taken for that purpose. So the statute prescribed that the trial of an action can be brought on only by 14 or 16 days' notice, but if the plaintiff, having put his case upon the calendar without serving notice of the trial, proceeds to bring the case to trial, and the court assumes to hear it, even against the protest of the defendant, a judgment entered upon that hearing would not be void, but it would be a valid judgment until it was reversed. or set aside. The principle is that where, by the service of due process, the court has acquired jurisdiction to act, its action thereafter in doing anything which the law says may be done in the proceeding, although it may be mistaken and erroneous, is not void, but reversible only.

This principle has also been recognized in several cases reported in the courts of this state,—notably in Von Rhade v. Von Rhade, 2 Thomp. & C. 491, decided in the First department. That was an action for divorce, in which, as is well known, the court has only such jurisdiction as is given to it by statute. The summons was served by publication, and, instead of waiting until 20 days after the service of the summons, the court on the nineteenth day took the defendant's default, and ordered judgment to be entered against him. A motion was made to set aside the judgment, and it was strongly urged that the action of the court in directing judgment to be entered before the defendant was in default rendered the judgment void. But this proposition was not acceded to. It was held that, the court having acquired jurisdiction by the service of the summons, any departure from the statutory provisions regulating the proceedings before judgment was only an irregularity, which did not affect the validity of the judgment. The court cited the case of D'Ivernois v. Leavitt, 8 Abb. Prac. 59, which was also decided by the general term of this department. The rule laid down in that case was that the want of jurisdiction can never be alleged as to the interlocutory proceedings in an action, where the court has obtained jurisdiction originally, and renders the proper judgment in the case. The rule is also recognized in Schaettler v. Gardiner, 47 N. Y. 404. It must be borne in mind that the service of the original notice of motion in this proceeding had the effect, not only to fix the time when the moving party sought to bring the matter to a hearing, but it also had the effect to give to the court the power, from the time of its service, to do any act which a court of general jurisdiction might do in the course of the particular proceeding. The jurisdiction of the court, which had been acquired by the service of the notice of motion, could not be divested, because of the fact that the court,

in attempting to do some act in the course of the proceeding, did not observe that regularity which the statute required. An order to show cause may be made in a special proceeding as well as in an action, as we have seen. The judge, therefore, had jurisdiction, undoubtedly, to make the order to show cause which was returnable on the 20th of May. When that order was made, it was not only within the power, but it was the duty, of the special term before which it was returnable to pass upon the question presented by it. That question was whether or not the motion noticed for June 3d should be heard at an earlier day. As it was the duty of the court to decide that question, we have the case of a court of general jurisdiction presented with a question which it. was its duty to decide, and deciding that question, as we think, erroneously; but its decision was not void, however erroneous it must be said to be.

Although we have reached the conclusion that the order made on the 20th of May, by which this motion was denied, was not void, still it was undoubtedly erroneous. There can be no doubt that, under the provisions of the Code of Criminal Procedure above cited, no right is given to the district attorney to move to change the place of trial of a criminal action. If the people have such right under any circumstances, which we do not here decide, that must be found elsewhere than within these sections of the Code of Criminal Procedure. The court had jurisdiction, undoubtedly, to hear and decide this application, made upon the motion of the defendant; but it was error to attempt to shorten the time within which the motion should be made. The legislature have prescribed, in this, as in many other matters, the time within which proceedings at law shall be taken. For instance, they have directed that at least 8 days' notice of an ordinary motion must be given, unless the time is shortened by an order to show cause. They have required at least 14 or 16 days' notice of trial, and that costs should be taxed upon 2 days' notice. All these requirements are binding upon the courts. Adherence to them is not absolutely necessary, in every case, to the existence of jurisdiction, because, after the court has acquired jurisdiction, it is not lost by an irregular proceeding; that is, by one which the court had power to take, but is only made irregular because it was taken too soon. But yet such adherence is necessary to correct action in the matters involved. When the legislature has directed the time within which an act must be done, it is improper to shorten that time, except as a condition of granting a favor. Especially is this strict adherence to the rules of procedure necessary in actions involving the administration of criminal law. A speedy determination of criminal actions is undoubtedly of great importance. It is undoubtedly of great benefit to the community that punishment of crime should not only be certain, but quick. But it is of far more importance, in the administration of the criminal law, that the rules for grave and orderly procedure, which have been laid down by the statute, should be preserved; for it is the observance of these rules which makes the distinction between mob law and the

dignified and decent procedure of the courts. The penalty for crime is inflicted quite as much for example as for punishment, and it can only be made to serve as an example when it is understood that it is attained by a strict observance of those forms which years of experience have shown are necessary to the protection of the rights of those people against whom the criminal law is set in motion. So far as the punishment of crime is to operate as an example, it is open to grave doubts whether it does not entirely lose its force if a conviction is obtained at the expense of any of those safeguards with which the lawmakers have seen fit to protect those who are brought under the ban of criminal law. Such conviction has its greatest weight when it has been procured only by orderly proceeding, with careful observance of the rights of the accused person.

In the case at bar, we do not think such rights were protected as they ought to have been upon this motion. The facts presented by the voluminous papers upon the application to change the place of trial called for serious and careful consideration. Many of them undoubtedly were of great force, and they might well have led the defendant to believe that it was doubtful whether an impartial jury could be procured to try his case within the county of New York. Without attempting, here, to express any opinion as to the force of these facts, or whether the plaintiff was entitled to any relief upon them, it is sufficient to say that they were such as called upon the court to whom they were presented to carefully weigh and consider them, even if it did not call upon the people to answer or explain them. It is apparent, from the papers, that no such consideration was had. The court undertook to compel the defendant to bring on this motion at a time sooner than was fixed in the notice, without any fact having been made to appear which would warrant the exercise of that power, even if it existed. The only facts stated in the affidavit of the district attorney were that a large number of jurors had been summoned to try the case, the hearing of which was set down for that day. Those facts might have been important as giving a reason why the stay should have been vacated as improvidently granted, or why the court, as a condition of retaining the stay, should not compel the defendant to make his motion earlier than the day for it was noticed. But beyond that the court had no power to go in the premises. It was for the defendant to say when the motion should be made, and if the day which he fixed was so far off that a delay of the trial to that time would have operated as an obstruction to the administration of justice, the court might have vacated the stay, upon a proper motion for that purpose, or might have imposed an earlier hearing of the motion as a condition of allowing the stay to continue. But it could not properly fix any other time for the hearing of the motion, and for the reason that it attempted to do that, and, upon the defendant's refusal to proceed, denied the motion peremptorily, its action was erroneous, and cannot stand. The order denying the motion to change the place of trial should, therefore, be reversed.

The order, in addition to denying the motion to change the place of trial, vacates the stay which had been granted of the trial of the action in the court of oyer and terminer. This would have been the effect of the order, even though nothing had been said about the stay; for, when the proceeding had been brought to an end by the final order of the court, the stay granted pending the proceeding necessarily fell of itself. But so much of the order as vacates the stay must also be reversed with the other order. The effect of the final order which is here reviewed was to put an end to the special proceeding to change the place of trial, and to leave the matter in precisely the same situation as though no such proceeding had been begun. When, therefore, the case was moved in the court of oyer and terminer, it was the duty of the court to proceed in the criminal action, unless, for some good reason shown there, the trial should be postponed. The only objection made there was that the order here reviewed was void, which we have found was not the case. No claim was made in that court that the defendant was not ready for trial, except for the reason that his counsel was absent, but that was provided for by the court. The action of the court, therefore, in proceeding with the trial, was proper, if, upon the trial, an impartial jury was impaneled, as we have found, upon the appeal from the judgment, to have been the case. No injustice was done to the defendant by the action of the court in the premises, because he had, as a result of all the proceedings, a trial before an impartial jury, and therefore he had no reason to complain. We do not pass, of course, upon the merits of the defendant's application to change the place of trial. This decision is put solely upon the ground that the action of the special term in compelling the defendant to proceed to a hearing of this motion at a date earlier than that fixed in his notice was erroneous.

The order should be reversed, but, under the circumstances, without costs. All concur.